**LAWYERS SURETY CORPORATION,**
Appellant,

v.

**C. Terry CLINE, Jr., Appellee.**

No. 11144.

Court of Civil Appeals of Texas.

Austin.

Jan. 8, 1964.

Rehearing Denied Jan. 29, 1964.

L. Alexander Lovett, Houston, Lawrence W. Vance, Dallas, for appellant.

Alfred C. Schlosser, Houston, for appellee.

PHILLIPS, Justice.

One Variety International Productions, Inc., brought suit against C. Terry Cline, Jr., in the County Civil Court at Law for breach of contract and damages. In this lawsuit the only fact pertinent to this appeal is that Variety International Productions, Inc., sought a writ of attachment for C. Terry Cline's performing chimpanzee named Judy and posted an attachment bond underwritten by Lawyers Surety Corporation.

C. Terry Cline filed various exceptions to the petition in the abovementioned lawsuit, then filed a cross action against Variety International alleging that Variety International had damaged him in the sum of $975.00.

The case was tried before a jury who found against Variety International Productions, Inc. and in favor of C. Terry Cline for his cross action and allowed him $975.00 for the damages alleged.

The court granted C. Terry Cline's judgment against Variety International Productions Inc. for the $975.00 together with interest and costs of suit and also ordered execution against the attachment bond posted by Lawyers Surety Corporation.

Since Lawyers Surety Corporation was not present at the proceedings outlined above it is before this Court by writ of error. Art. 2249a, Vernon's Ann.Civ.St.

Lawyers Surety maintains that the cross action by which C. Terry Cline recovered judgment against Variety International does not contain any allegations for wrongful attachment and that the damages allowed were for something other than wrongful attachment; that it was error for the Trial Court to have ordered execution on the attachment bond.

We have reviewed the petition in C. Terry Cline's cross action described above and find that the contention of Lawyers Surety is correct.

█ The elements of wrongful attachment must be set up in the petition and appropriate allegations concerning the damages incurred must be set out. 6 Tex.Jur. 2d, Secs. 147, 179.

█ There is no basis whatsoever in Cline's cross action to support the court's judgment ordering execution against the bond posted by Lawyers Surety Corporation.

We reform the judgment of the Trial Court vacating the part that orders execution against the aforesaid bond without prejudice to Cline in bringing an independent suit for damages for wrongful attachment. We leave the remaining part of the Trial Court's judgment undisturbed.

The judgment of the Trial Court is reformed as indicated above.

Reformed.